HUBER and another *v.* MYERS SANITARY DEPOT and others.

*(Circuit Court, S. D. New York. December 6, 1887.)*

PATENTS FOR INVENTIONS—INFRINGEMENT—INJUNCTION—FOREIGN PATENT.
Plaintiffs purchased an invention upon which a British patent had been obtained, but which had expired before the purchase by reason of the failure to pay the fee to keep it alive. They then obtained American patents, and sought to enjoin defendants from infringing upon them. *Held,* that there was too much doubt of the validity of the American patents to warrant the issuing of a preliminary injunction.

In Equity. Bill for injunction.
*Albert Comstock,* for complainants.
*Wm. H. Sage,* for defendants.

LACOMBE, J. This is an application for a preliminary injunction to restrain the infringement of two letters patent, owned by complainants, and issued, the one, June 27, 1882, (260,232,) to Henry Huber, assignee by mesne assignments of Peters & Donald; the other, March 28, 1882, (255,485;) to James E. Boyle. Both patents are for improvements in sanitary water-closets. The application, so far as it concerns the Huber patent, is resisted, *inter alia,* on the ground of abandonment. It appears that on April 7, 1874, Peters & Donald took out a British patent for their invention. On April 9, 1881, this British patent expired by reason of their failure to pay the fee required by the British patent law to keep it alive. Boyle subsequently (October 27, 1881) purchased the Peters & Donald invention, and sold it (November 26, 1881) to Huber, who on November 29, 1881, applied for a patent thereon. The American patent was granted to him June 27, 1882.

It is claimed by the defendants that by reason of the failure of the inventors to keep alive the British patent, their invention was abandoned

to the public, and could not be afterwards reclaimed. The point raised is a new one. The decisions which have heretofore been rendered as to the effect of the lapse of an English patent for non-payment of taxes do not apply; they deal simply with the effect of a lapse subsequent to the issue of the American patent. *Paillard* v. *Bruno*, 29 Fed. Rep. 864; *Holmes* v. *Metropolitan Co.*, 21 Fed. Rep. 458; *Reissner* v. *Sharp*, 16 Blatchf. 383; *Henry* v. *Tool Co.*, 3 Ban. & A. 501. Without passing upon the objection thus presented by the defendants, it is sufficient to say that it raises too great doubt of the validity of the patent to warrant the issuing of a preliminary injunction, in the absence of an adjudication in its support.

With regard to the alleged infringement of the seventh claim of the Boyle patent, No. 255,485, anticipation is suggested in a prior patent to Owen; the variation between the forms of closet in the two patents being, it is claimed, not such as will support the patentability of the later device. In the absence of adjudication upon the Boyle patent, and in view of all the facts, a preliminary injunction will not issue.